IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMOTHY ALLEN MCCOY, #182773              PLAINTIFF

V.               CIVIL ACTION NO. 3:17-cv-205-DPJ-FKB

NEWTON COUNTY, WILSON CARROL
AND STEVEN KILGORE               DEFENDANTS

ORDER

This § 1983 case is before the Court on the Motion [15] of Plaintiff Timothy Allen McCoy, proceeding pro se, for reconsideration of the Court's Order [13] of dismissal and Final Judgment [14]. The Court, having considered Plaintiff's Motion in light of the applicable authority, finds Plaintiff's Motion should be denied.

I.   Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

II.     Discussion

Plaintiff argues that he should be allowed to proceed with his claims under § 1983 because he is not challenging the validity of his convictions but instead he is seeking the "evidence that convicted him." Mot. [15] at 1. Specifically, Plaintiff seeks phone records, pictures, statements, medical records, and messages from websites that he claims was "said on the record" and used to determine the date of the crime. *Id*. at 2. Plaintiff claims that this "material evidence" will "prove the alleged victim was of age to consent and therefore [there] was no sexual battery crime and if [there is] no evidence there was no conviction." *Id*. Plaintiff states that his efforts to obtain this evidence has been denied by the state courts and his former attorney. *Id*. at 1. Plaintiff also says the evidence used to convict him "does not exist" and a witness committed perjury. *Id*. at 2. Plaintiff is asking the Court to reconsider the dismissal of this case and issue an order compelling the state courts to provide these records to him. *Id*. at 3.

In the Order [13] of dismissal, the Court considered Plaintiff's claims and determined that they challenged the validity of his current confinement and were barred by absolute prosecutorial immunity and *Heck v. Humphrey,* 512 U.S. 477 (1994). In his Motion [15], Plaintiff continues to challenge the validity of his convictions. Plaintiff does not assert any arguments that he did not already raise in his Complaint or that were not available to him at the time of filing this lawsuit. Therefore, Plaintiff fails to satisfy the requirements for obtaining relief under Rule 59(e).

Furthermore, to the extent Plaintiff attempts to couch his claims solely as a request for records from the state courts, his argument is futile. A litigant "seeking to have the federal court

2

direct the state court to perform its duties as he wishes" is properly construed as seeking mandamus relief. *Rhodes v. Keller,* 77 F. App'x 261, 261 (5th Cir. 2003). But "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014) (citing *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that court lacked authority to issue mandamus directing state-court clerk to produce documents)). Plaintiff is not entitled to the mandamus relief he seeks within his motion to reconsider. *See id.*; *Hill v. Texas Dep't of Criminal Justice*, 670 F. App'x 275, 276 (5th Cir. 2016) (finding district court correctly determined it lacked authority to order the state appellate court to prepare an appellate record).

III.  Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Plaintiff's Motion [15] for Reconsideration under Rule 59(e) is denied. Plaintiff's request for mandamus relief found within his Motion [15] is likewise denied.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2017.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE